UNITED STATES, Plaintiff,

v.

Wayne Keith BAILES, Defendant.

No. Civ.A. 5:98–00083–01.

United States District Court,
S.D. West Virginia,
Beckley Division.

June 29, 1998.

---

608

Stephanie D. Thacker, Assistant United States Attorney, Charleston, WV, for Plaintiff.

Mary Lou Newberger, Assistant Federal Public Defender, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the Court is the defendant's second motion to dismiss the indictment. The indictment charges that on or about October 23, 1997, the defendant unlawfully possessed a firearm while subject to a protective order entered on May 15, 1997, in violation of 18 U.S.C. § 922(g)(8). The defendant argues that the protective order described in the indictment expired on September 30, 1997, when the Nicholas County Circuit Court entered a temporary divorce order. The government, on the other hand, contends that the May 15, 1997 order remained in full force and effect despite the issuance of the September 30, 1997 order. The Court **FINDS** that, by operation of law, the defendant was not subject to the May 15, 1997 order on October 23, 1997, the date that he allegedly possessed a firearm. Because there is no evidence that the government could present at trial which would be sufficient to prove its case, the defendant's motion is **GRANTED.**

The defendant is charged with violating 18 U.S.C. § 922(g)(8), which makes it unlawful for persons subject to domestic violence protective orders to possess firearms. The indictment's second paragraph alleges that on May 15, 1997, the Nicholas County Magistrate Court "issued an order restraining defendant WAYNE KEITH BAILES from abusing, harassing, stalking, and threatening an intimate partner, that is, his estranged wife, and from engaging in other conduct that would place her in reasonable fear of bodily injury." The fourth paragraph of the indictment alleges that the defendant possessed a firearm on October 23, 1997, while subject to the May 15, 1997 protective order. These two paragraphs, together with the allegation that the defendant possessed the firearm in and affecting commerce, form the basis for a facially valid cause of action under § 922(g)(8).

However, an examination of Chapter 48 of the West Virginia Code convinces the Court that the defendant was not subject to the May 15, 1997 protective order on October 23,

1997, the date that he allegedly possessed the firearm. By its terms, the May 15, 1997 protective order was effective for ninety days or until the issuance of a divorce order. (Def.'s Mot. to Dismiss Ex. B). According to West Virginia Code § 48–2A–3a(a), parties to a pending divorce proceeding may seek such protective orders in magistrate court, and be afforded relief thereunder, until the time that "an order is entered in the divorce action pursuant to section thirteen [§ 48–2–13], article two of this chapter." Here, the defendant was party to a divorce proceeding when the Nicholas County Magistrate Court issued the May 15, 1997 protective order. (Gov't Resp. to Def.'s Mot. to Dismiss Ex. C). Thus, the defendant remained subject to this protective order for ninety days or until the Nicholas County Circuit Court entered an order under § 48–2–13, which provides for temporary relief during the pendency of a divorce action.

On September 30, 1997, the Nicholas County Circuit Court did enter such an order, awarding the defendant the right to reside temporarily in the family's former home. (Def.'s Mot. to Dismiss Ex. A). This is the type of temporary relief specifically provided by § 48–2–13(a)(8). Therefore, by operation of § 48–2A–3a(a), the May 15, 1997 protective order automatically expired upon issuance of the September 30, 1997 temporary relief order. The protective order confirms this expiration on its face by providing that "this ORDER is terminated automatically pursuant to W.Va.Code § 48–2A–3a(a) and (b) upon entry of a temporary or final ORDER in a divorce proceeding that is now pending." (Def.'s Mot. to Dismiss Ex. B). Although the September 30, 1997 order purports to extend the relief provided in the May 15, 1997 protective order, it does so through a separate order administered by a court other than the one that issued the original order.

 In light of these facts, the defendant could not have been subject to the May 15, 1997 protective order on October 23, 1997 because the protective order expired upon entry of the September 30, 1997 order. This leaves the Court in a difficult position. The defendant moves to dismiss an indictment that appears valid on its face. Although Federal Rule of Criminal Procedure 12(b) requires a defendant to move to dismiss a defective indictment before trial, the Court ordinarily may not dismiss an indictment based on insufficient evidence without first affording the government an opportunity to prove its case. *See Costello v. United States,* 350 U.S. 359, 363–64, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United, States v. Mills,* 995 F.2d 480, 489 (4th Cir.), *cert. denied,* 510 U.S. 904, 114 S.Ct. 283, 126 L.Ed.2d 233 (1993). But here, there is absolutely no evidence that the government could present at trial which would be sufficient to prove its case because, by operation of law, the defendant was not subject to the May 15, 1997 protective order on the date that he allegedly possessed a firearm. To allow a jury to convict the defendant based on the May 15, 1997 order would be erroneous as a matter of law.

 However, it would also be erroneous to allow a jury to convict the defendant based on evidence that he was subject to the September 30, 1997 order at the time he allegedly possessed a firearm. The Fifth Amendment does not allow a defendant to be tried on charges not presented to the grand jury and not contained in the indictment. *See Stirone v. United, States,* 361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *United States v. Floresca,* 38 F.3d 706, 711 (4th Cir.1994). Any attempt by the government to secure a conviction through use of the September 30, 1997 order would constitute a constructive amendment to the indictment,[1] which the Fourth Circuit has characterized as error per se. *Floresca,* 38 F.3d at 714. Because the government may not legally rely upon either the May 15, 1997 order or the September 30, 1997 order to prove its case, the only permissible result at trial would be a verdict of not guilty. Thus, it would be a senseless exercise to allow this case to proceed to trial based on the current indictment.

---

1. "A constructive amendment to an indictment occurs when ... the government (usually during its presentation of evidence and/or its argument) ... broadens the possible bases for conviction beyond those presented by the grand jury." *Floresca,* 38 F.3d at 710.

To deal with rare circumstances like those presented in the instant case, the Tenth Circuit has created an exception to the general rule that indictments ordinarily may not be dismissed before trial based on insufficient evidence. In *United States v. Hall,* the defendant was charged in an indictment which alleged that he used or carried a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). 20 F.3d 1084, 1086 (10th Cir.1994). The defendant moved to dismiss the indictment before trial, arguing that as a matter of law, the government's evidence was insufficient to establish a violation of § 924(c)(1). After considering limited evidence without objection by the government, the district court ruled that there was no proof that the defendant used or carried a firearm within the meaning of § 924(c)(1) because the uncontested evidence showed that police officers found the firearm in a closet during a search at which the defendant was not present. *Id.* at 1086. In upholding the district court's pretrial dismissal of the indictment, the Tenth Circuit determined that:

> [A] district court [may] dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.

*Id.* at 1088.

In this case, the operative facts are contained in the orders of May 15, 1997 and September 30, 1997. Neither party has disputed the orders' factual accuracy, nor has the government objected to the Court's consideration of these orders. In fact, the government submitted both orders as exhibits to its response to the defendant's motion to dismiss. After reviewing both orders in light of West Virginia Code § 48–2A–3a(a), the Court **FINDS** that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt because the de-

fendant was not subject to the order described in the indictment at the time he allegedly possessed a firearm. Under these unusual circumstances, the Court **FINDS** that pretrial dismissal of the indictment based on insufficient evidence is appropriate.

For the reasons set forth above, the defendant's second motion to dismiss the indictment is hereby **GRANTED.** The Court **ORDERS** the charge against the defendant contained in the single-count indictment **DISMISSED** without prejudice. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and his counsel, the United States Attorney, the Federal Public Defender, the United States Marshal, and Judge Goodwin.